IN THE DISTRICT COURT OF THE UNITED STATES

MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

DONALD ERIC DOLLAR

AIS #285077

    PLAINTIFF

    V                                     CASE NO: 2:15-CV-264-WKW

BRENDA KING ET. AL

    DEFENDANTS

## PLAINTIFFS RESPONSE TO THE
## DEFENDANTS WRITTEN REPORT

Comes now Eric Dollar pro se in the above styled cause and submits his response to the defendants written response and affidavits of the defendants pursuant to this Honorable Court's ORDER of August 25, 2015. Submitting the following:

## DEFENDANT BRENDA KING

Defendant King asserted that she "used her discretion to resolve a situation that I believed was to everyone's satisfaction." Defendant King also stated that Inmate Thomas Moody was the individual performed the tattoo cover up. That Moody had approached her wanting to be compensated for the tattoo cover up. Stating "I gave Moody a couple of canteen items including tobacco."

1.

In #6 of the Defendants ANSWER they state "Defendants deny they have violated the Officer's Rules of Conduct." Dollar submits that the Defendant King did in fact violate the Rules of Conduct known as Administrative Regulation (AR) 208. Where in V.Procedures (A) All employees shall adhere to the following standards.

2. Render full efficient and industrious service.

7. Observe all rules and regulations.

9. Prevent any abuse of authority attached to the use of a badge that does relate to a correctional officer performing or and executing his/her duties ..."

11. Obtain prior approval from the Warden/Divison Director before becoming financially involved with an inmate.

V.Procedures (B) Each employees conduct shall at all times be consistent with the maintinance of proper security, welfare of the institution and of the inmates under his/her supervision.

V.Procedures (C) Employees shall not:

5. Abuse inmates in any manner.

Dollar asserts that Defendant violated the above Rules of Officer's Rules of Conduct wherein she did as stated in her affidavit:

1) Abuse her discretionary authority in that when an inmate

2

obtains a tattoo he has then commited a violation of Administration Regulation 403 #505 Intentionally Creating a Security, Safety or Health Hazard (formally rule #62) Substantiated by Dollar's previous disciplinary for receiving a tattoo while assigned to Kilby Correctional on 10/05/2012. DEFENDANT'S EXHIBIT E.

The action as admitted to by Defendant King was that in order to cover up one tattoo, another was applied, as an exercise of her "discretionary authority." No ADOC official has the discretionary authority to encourage, aid or abet, any inmate in the violation of any Administration Regulation.

Defendant King did violate Administration Regulation #208 V.(A).(2) "Render full efficient and industrious service.
(7) "Observe all laws, rules and regulations."
(8) "Uphold with integrity the public trust involved in their position."
(9) Prevent any abuse of authority attached to the uses of a badge that does relate to a correctional officer performing and executing his/her duties in accordance with Title 14 Code of Alabama 1975 as amended."
(11) "Obtain prior approval from the warden/division director before becoming financially involved with an inmate."

Defendant King did violate Administrative Regulation #208 V.(B) "Each employees conduct shall at all times be consistent with the maintainence of proper security, welfare of the institution and of the inmates under his/her supervision."

Defendant King did violate Administrative Regulation #208 (C)(4) Use of profane, abusive or threatening language in communication with other employees, the public or when supervising inmates."

(5) Abuse inmates in any manner."

(6) "Trade borrow or accept a gift or give a gift to an inmate..."

(17) Apply physical force to an inmate except and only to the degree that is reasonably necessary in self-defense, to prevent an escape, to prevent injury to a person or the destruction of property to quell a disturbance or to restrain an inmate who exercises physical resistance to a lawful command."

(20) Provide false information, alter an investigation or incident report and/or intentionally omit facts pertinent to the inquiry."

Defendant King by her own admission whereas she exercised "discretional authority" in having Dollar's tattoo covered up and then stated in #6 of her affidavit, "At some point I was informed that Thomas Moody was the individual performed the tattoo cover up. Moody approached me wanting to be compensated for covering up Dollar's tattoo. At that time, I gave Moody a couple of canteen items including tobacco."

Did enter into a conspiracy to commit Rule violations. (AR-510) Violating Institutional Rules. (AR-309). Aiding or abetting another person to commit a rule violation.(AR-308). Assault on an individual. (AR-906). That whereas a tattoo gun is contraband in prison and possession of such is a disciplinary infranction, her knowledge of Inmate Moody possessing and using a tattoo gun is a violation of Possession of Contraband. (AR-934)

That Defendant King in and by her own admission in the exercise of her discretionary authority violate Ala.Code. 1975 §14-3-13 Officers and Guards-Oath of Office. Which states in pertinent part "...I will faithfully execute and discharge all duties required of me ...and observe all rules and regulations prescribed for the government of convicts, so far as concerns my office; and will in no case, ill treat or abuse any convict under my charge or control, not inflict any other or greater punishment than may be prescribed by said rules and regulations..."

In doing such actions Defendant King did violate Ala. Code 1975 §14-3-51 "No convict must be punished in any other way than is provided by the Board of Corrections." As such wherein Defendant King admitted to being knowledgeable of and agreeable to Dollar having his tattoo covered up by another inmate, and then compensating Inmate Moody for his covering up the tattoo. She did violate the above cited statutes and in doing so violated Ala. Code 1975 §14-3-16 which states that "Any person who violates any provisions of this chapter shall be deemed guilty of a misdemeanor, and upon conviction carries a fine not less than $25.00 nor more than $500.00 and may be imprisoned in the county jail for a term not exceeding 6 months..."

Regardless of Defendant King's statement in #7 of her affidavit as to not being present during the cover up of Dollar's tattoo. Denying any personal use of force on Dollar and that she had no intention to inflict harm on Dollar. The personal presence of King was not and is not the claim of Dollar. Defendant King admits to using her "discretion" in this incident, thus she does not deny such occurred. No officer has the "discretion" to condone, authorize, sanction, either expressly or tacitly, the violation of the Administration Rules and Regulations. Rather by the authority of Defendant King in being a Captain in the

Alabama Department of Corrections. Who by virtue of position is held to a higher level of example and accountability over officers and inmates. Her actions, as admitted to in her affidavit, where in contravention to the Administrative Regulations that she has the responsibility to assure that inmates and those officers under her supervision, care and control, are adhered to and obeyed.

Discretionary authority does not make any individual "immune" form responsibility or a cause of legal action in a court of competent jurisdiction. Additionally the conduct of Defendant King was in violation, not only of the Administrative Regulation she is responsible for and required to enforce. She did violate State statutory law. As such due to the admitted conduct of Defendant King, each and every statement she submitted in her affidavit is "suspect" for she has been impeached by her own affidavit, admittedly.

Defendant King's affidavit and her admitted erroneous exercise of her "discretionary authority" dispells and disproves the veracity of the affidavit of Officer Derek Smith. Whereas Defendant Smith states in his affidavit wheerin he first asserts that he deny's that he ever saw Dollar receive a tattoo from any inmate. Deny's that he handcuffed Dollar to a bed or forced him to receive a tattoo. Or that he received any money or instruction from Captain Brenda King to participate in any such activity.

However in #3 he states as to his being assigned to F-Dorm. He states that inmates are identified as to which dorm they belong in by color coded wristbands. That before an inmate can enter a dormitory he checks the wristband to assure they belong in that dorm. As such for Dollar to have entered the dormitory in the presence of members of the Southern Brotherhood. It would have to have been with the knowledge of Officer Smith, for Defendant King has stated

6.

Dollar left her office in the presence of members of the Southern Brotherhood. As such his "Affidavit" is disproven by that of Defendant King.

For whereas Defendant King stated that in order to investigate Dollar's complaint initially about problems with members of the Southern Brotherhood, she contacted and spoke with several members of the Southern Brotherhood who were known to be high ranking individuals. Who indicated that if Dollar had the tattoo covered up that would resolve the problem. She states that she denied receiving any money to allow the "cover up" or that they contacted her regarding the cover up. However she does admit that she contacted them about the problem and became aware of the "cover up" proposal. (Kings Affidvait #3)

Stating further in #5 that following this discussion it was her understanding that everyone was in agreement that the tattoo would be covered up. That the inmates left her office. Defendant's KIngs statements in #3 and #5 contradict each other in that somehow she pleads a technicality as to whom contacted whom first, in #3 in an attempt to verify Dollar's claims, she spoke with several members of the Southern Portherhood, then that they did not contact her. Irregardless of who contacted who first. The fact remains that Defendant King in her own affidavit admits to knowledge prior to and following the tattoo cover up.

That she did not order officers to escort the inmates to a dormitory, yet Officer Smith in his Affidavit stated that inmates must be authorized to enter a Dormitory they are not a resident of. And authorization for such can only come at the direction of a senior ranking officer. In order to maintain institutional security and lower the risks of violence.

Whereas the shown erroneous and contradictory statement of Defendant King, and her own admitted wilfull violation of the Administrative Regulations which resulted in the violation of state statutory law, a requirement for the failing of the immunity defense as previously submitted by Dollar. And whereas in her affidavit King states that she did not order or pay money to Officers Matrese or Smith. As Defendant King's own affidavit is prejudiced by her own "testimony" the claims by Officer's Smith and Matrese are equally doubtful, for both rely on King's affidavit to assert their innocence and ignorance of this incident.

For in the ANSWER of the defendants the errors are as follows:

In #3 of the ANSWER the defendants correctly deny that the Plaintiff has failed to exhaust his administrative remedies. For as previously pled by Dollar, the Court's have stated that where no administrative grievance process exists, an inmate is not required to "craft" one. The ADOC does not have an administrative grievance process, and asbsent such Dollar cannot exhaust that which does not exist. That a "non-existing" procedural process cannot stand as a jurisdictional bar, when the bar is based upon that which does not exist. Therefore #3 fails.

In #4 of the ANSWER the defendants understandably deny they are ineligible to claim immunity defenses. However Dollar has established by the wilfull and admitted conduct. And the holding pled by Dollar in his previous submission. The Defendant's are ineligible to claim any immunity due to the violation of State statutory law, Administrative law which whereas the rules and regulations promulgated by the Prison Commissioner for the management of prisons carry the same force and effect as law statewide. And as shown by Dollar the Defendant's

8

did violate numerous Administrative Regulations in this particular incident and State statutory law. Additionally as previously pled by Dollar, the defendant's did individually and collectively violate his constitutional rights. As such #5 of the defendant's ANSWER fails.

In #6 wherein the Defendants assert they did not violate the Officer's Rules of Conduct, Dollar has shown that #6 fails.

In #7 of the ANSWER the defendants assert they are without sufficient knowledge to admit or deny Plaintiff's paragraph regarding his views or affiliation with a white supremacist group, is disproven by the Affidavit of Defendant King where she states that Dollar wanted to put his past with the Southern Brotherhood, a white supremacist group "behind him". That the group contacted her as to Dollar no longer sharing their views. King's own affidavit shows whereas the high ranking members of the Southern Brotherhood stated he was no longer affiliated, thus the reason why the tattoo was to be covered up. The "affiliation" and lack thereof was the reason for the incident and one that Defendant King expressly condoned to the extent of paying Inmate Moody for covering up the tattoo when he requested to be compensated. Thus #7 fails by the defendants own affidavit.

In #8 of the ANSWER the facts as briefly asserted in the foregoing fail #8.

In #9 of the ANSWER his "defense" is irrelevant as to contacted who first, however Defendant's Kings own affidavit states that in her investigation she spoke with several inmates known to be high ranking members of the Southern Brotherhood thus inferring that she contacted them first. Thus # 9 fails.

Additionally #10 through #22 of the ANSWER are issues that are properly within the province of a jury or a trial before the judge, as trier of fact. To determine, based upon the personal appearance, demeanor and cross-examination as to the veracity of the testimony of the parties involved. Dollar asserts and reserves this right to a trial to determine the final outcome of this matter currently pending.

Dollar has submitted sworn affidavits of other inmates who were present and cite with sufficient specificity the actions which transpired in this instant case. These affidavits of the parties involved create issues of material fact in genuine dispute and as such can only properly be resolved before a trier of fact, with all parties present.

## DEFENDANTS' AFFIRMATIVE DEFENSES

The Affirmative Defenses asserted by the defendants fail in the following:

Affirmative Defenses (1) Failure to state a claim upon which relief can be granted. (2) Claims for damages violate provisions of the United States Constitution. (8) Plaintiff has suffered no actionable injury. Affirmative Defenses (2);(8) are inclusive in (1). These particular issues Dollar asserts are those which fall within the purview and province of the trier of fact, a jury trial or the court during testimony given before the court. Such a decision is one that is to be reached at the conclusion of all testimony by the parties involved.

Affirmative Defenses (4) Failing to exhaust administrative remedies. (7) Preclusion by the Prison Litigation Reform Act. (9) Precluded by estoppel.

Dollar has previously refuted these same defenses in that whereas the ADOC does not have an administrative grievance process, whereas an inmate has no means to undertake a grievance procedure, he cannot be barred due to the non-existent procedure. It is the responsibility of the ADOC to implement such. And an individual seeking judicial relief due to the actions and deeds of the defendants in such an instance, is not precluded from access to the courts due to the failure of the defendant agency/employee(s) to fulfill the prerequisite requirement of a state statute/law.

To hold the injured party responsible for the failings of those responsible to fulfill their duty. Is to "put the cart before the horse". Then a denial of access to the courts is a violation of Dollars' 1st Amendment right to petition the government for redress of grievances. This claim by the defendants is an attempt to abridge and inhibit the exercise of this inherent, substantive constitutional right by Dollar.

Affirmative defenses (5) Contributorily negligence. (6) Barred by the unclean hands doctrine. (10) By his own conduct the Plaintiff has assumed the risk of injury. Are a mere attempt to shift the responsibility for the actions and deeds of the defendants to Dollar. And fail whereas, that Dollar who did receive a disciplinary for dirty urine due to testing positive for "meth", the defendants claim that this was due to his using a needle. The fact is that an individual who does use meth is not required to inject it, some people smoke it. Donald has no history of using a needle when he had a drug problem. He has never injected drugs.

The fact that in the past Dollar had obtained "prison tattoos" is not one of contributory negligence. The record shows that Dollar did not contract Hep. C until after the tattoo cover up. His injury occurred due to the actions of the defendants. (6) Unclean hand doctrine is inapplicable by the defendants in that their actions in this case, of forcing Dollar to undergo the tattoo cover up places them in the position of being unable to claim a defense by the unclean hands doctrine, in that they are the parties who by their actions suffer unclean hands.

Affirmative defense (3) Qualified to Eleventh Amendment and Qualified Immunity. Dollar is not suing the State of Alabama, he is suing the defendants in their individual capacity for the actions they undertook outside and beyond the scope of their authority. Their actions, as shown, did violate the rule of conduct, the parameters which they must comply with in the performance of their official duties. Acting outside such authorized areas, removes them from the protection of a state employee in the performance of their duty, such being in compliance with the restrictions.

The affidavit of Defendant King whereas she admits to violations of the Officers Rule of Conduct, contributing to the injury by here acquiesence to the violations of Administrative Regulations as shown. The violations of State statutory law, and her admitted conduct exposing her to prosecution for a misdemeanor offense. Prevents the defendants from claiming qualified immunity or eleventh amendment immunity.

Additionally as the record clearly reflect that upon investigation by the I&I division. Dollar was removed from the facility away from the defendants due to

the actions of the defendants. An issue as to events that transpired following Dollar contacting I&I after the incident. This issue is one which the defendants do not address, yet is stipulated in the record. Dollar asserts that I&I does not remove an inmate from an institution due to a claim that upon their investigation is frivolous or of no viability.

## CONCLUSION

Dollar asserts and avers that he is entitled to a trial by jury, or a non-jury trial before this Honorable Court. That the defenses raised by the defendants are disproven by their own affidavits submitted. That Defendant King has admitted to violations of the Administrative Regulations and Officers Rules of Conduct, thus violating the AR #208. That Dollar is entitle to the relief he seeks.

## RELIEF SOUGHT

That this Honorable Court set a hearing date for either a trial by jury or a non-jury trial before this Honorable Court. That this Honorable Court due to the complexity of the issues involved appoint counsel to represent Dollar, as Dollar is unlettered in the law. That this Honorable Court provide Dollar any and all relief to which he is entitled to.

Respectfully submitted on this the 18th day of September 2015.

_____
Donald Eric Dollar #285077

28779 Nick Davis Road

Harvest Al. 35749

CERTIFICATE OF SERVICE

I Donald Dollar hereby certify that I have served a copy of the foregoing upon all parties involved by placing a copy of same in the institutional mail box on this the 18th day of September 2015 postage prepaid.

                                                                       Donald Dollar

Clerk of the Court
United States District Court
1 Church St. Suite B-110
Montgomery Al. 36104-4108

Legal Division
Alabama Department of Corrections
P.O. Box 301501
Montgomery Al. 36104-4018

AFFIDAVIT UNDER PENALTY OF PERJURY

I Donald Eric Dollar being over the age of 21 years and competent to make the statements in the foregoing hereby swear to and attest that the information is true and correct to the best of my knowledge and belief and that I do so under penalty of perjury.

                                                                  Donald Eric Dollar

Donald Dollar # 285077
Limestone C.F.
28779 Nick Davis Road
Harvest, Al. 35749



Legal
Mail

Clerk of the Court
United States District Court
1 Church St. Suite B-110
Montgomery, Al. 36104-4018